UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Criminal Action No. 1:24-cr-10253-IT-2 |
| ROBERT HECKSTALL, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

February 11, 2025

TALWANI, D.J.

After the Magistrate Judge ordered Defendant Robert Heckstall's detention pending trial, Order [Doc. No. 55], Heckstall filed a Motion for District Court Review of Detention Order [Doc. No. 65]. For the following reasons, Heckstall's Motion [Doc. No. 65] is denied.

## I. Background

Defendant Robert Heckstall has been charged with conspiracy to distribute and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, in connection with an alleged scheme to smuggle drugs into a Massachusetts state prison. See Indictment [Doc. No. 1]. Specifically, Heckstall is alleged to have conspired with two co-defendants to use the mail to smuggle pieces of paper saturated with PCP and marijuana analogue into to the prison. See Opp'n Ex. 1 ¶¶ 72–87 [Doc. No. 70-3] (detention affidavit).

Previously, in 2016, Heckstall pleaded guilty to one count of armed robbery, two counts of kidnapping, and one count of assault and battery; serious bodily injury stemming from a home invasion that occurred in January 2014. Mot. Ex. B. 8–10, 16 [62-5]. He was sentenced to prison and, after his release, he received early termination of his probation on May 3, 2023. Id. at 10–11, 15.

In December 2023, Heckstall was charged in state court with assault and battery following an altercation with a former employer. Detention Hearing Tr. 22–24 [Doc. No. 63]. That charge was dismissed on October 29, 2024, the day before the detention hearing in this case. See Detention Hearing Tr. 22, 24 [Doc. No. 63].

Heckstall was arrested on the Indictment charged here on August 29, 2024. Indictment [Doc. No. 1]; see Clerk's Notes [Doc. No. 15]. The Indictment alleges that the conspiracy occurred between in or about November 2022 until in or about May 2023. Id. The government provided a list of drugs seized that were attributable to Heckstall along with photos of mail seized in the investigation with lab results indicating that it contained the substances at issue. Opp'n Ex. 2 [Doc. No. 70-4]; Opp'n Exs. 4A–6B [Doc. Nos. 70-6–70-11]. Additionally, the government provided an affidavit stating that investigators intercepted jail calls and other communications in which Heckstall and his alleged co-conspirators, including one who was incarcerated, discussed the logistics of sending synthetic drugs into prisons. Opp'n Ex. 1 ¶ 72–87 [Doc. No. 70-3]. The affidavit also states that Heckstall mailed pieces of paper saturated with synthetic drugs to someone in Colorado, at the direction of the incarcerated co-defendant who was working with another inmate to have the drugs sent from Colorado to the Massachusetts facility. Opp'n Ex. 1 ¶ 79 [Doc. No. 70-3].

The Magistrate Judge held a detention hearing on October 30, 2024, and subsequently ordered Heckstall's detention pending trial. See Order [Doc. No. 55]. The Magistrate Judge found that Heckstall rebutted the presumption of detention under 18 U.S.C. § 3142(e)(3) for offenses under the Controlled Substances Act and found that the government was unable to meet its burden to establish that Heckstall posed a flight risk. Order 3 [Doc. No. 55].

However, the Magistrate Judge found that the government had established that Heckstall's release would pose a danger to the community, and that no conditions of release would reasonably assure the safety of the community. Id. This conclusion was based on the Magistrate Judge's findings that the weight of the evidence against Heckstall in this case is strong, that he has a prior criminal history, that he participated in criminal activity while on probation, parole, or supervision, and that he had previously violated probation, parole, or supervised release. Id. at 2–3. Regarding Heckstall's participation in criminal activity while on probation, parole, or supervision, the Magistrate Judge found that "[a]t the time of the alleged offenses here, Mr. Heckstall was on release for an assault charge," and "[h]e had been released relatively recently from a long state prison sentence." Id. at 3.

Heckstall seeks review of the detention order. Mot. [Doc. No. 65].

**II.     Standard of Review**

Pursuant to 18 U.S.C. § 3145(b), district courts have jurisdiction to review a detention order imposed by a magistrate judge. When a district court reviews the findings of a magistrate judge with respect to pretrial detention, it must engage in *de novo* review of the contested order. United States v. Marquez, 113 F. Supp. 2d 125, 127 (D. Mass. 2000). In doing so, the court may reject the magistrate judge's findings of fact and start the hearing anew or may accept the findings of fact made by the magistrate and hear additional facts and argument. Id.

Under the Bail Reform Act of 1984, to support an order of detention pending trial, the government must establish (1) by clear and convincing evidence that a defendant is a danger to the community, or (2) by a preponderance of the evidence that a defendant poses a serious risk of flight. 18 U.S.C. § 3142(f); see United States v. Patriarca, 948 F.2d 789, 792–93 (1st Cir. 1991); see also United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). The judicial officer may then detain the defendant pending trial only if the judicial officer determines that "no condition

or combination of conditions [set forth under 18 U.S.C. § 3142(b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e).

> In making this determination, the judicial officer must consider the following factors:
>
> (1)   the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance [or] firearm;
>
> (2)   the weight of the evidence against the person;
>
> (3)   the history and characteristics of the person, including
>
>   (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and,
>
>   (B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

Id. § 3142(g).

Where, as here, an indictment alleges an offense under the Controlled Substances Act punishable by ten or more years' imprisonment, a presumption attaches under 18 U.S.C § 3142(e)(2) that no condition or combination of conditions will reasonably assure the safety of the community. See United States v. Palmer-Contreras, 835 F.2d 15, 17–18 (1st Cir. 1987); United States v. Perez-Franco, 839 F.2d 867, 869-70 (1st Cir. 1988). "The presumption merely creates a burden of production on the defendant []; it does not shift the burden of persuasion, which remains throughout the hearing on the government." United States v. Shea, 749 F. Supp. 1162, 1165 (D. Mass. 1990) (citing United States v. Jessup, 757 F.2d 378, 381–82 (1st Cir. 1985); United States v. O'Brien, 895 F.2d 810, 815 (1st Cir. 1990)). A defendant's introduction

4

of relevant evidence does not eliminate the presumption entirely. See Dillon, 938 F.2d at 1416. The presumption remains in the case for the court to consider alongside the government's ultimate burden of persuasion. Jessup, 757 F.2d at 381, 383.

### III. Discussion

Heckstall argues that "[r]elease on conditions is appropriate in this case because the offense is a non-violent drug offense, with a low guidelines range (due to low quantities of PCP and a marijuana analogue), and pre-trial detention prevents Mr. Heckstall from participating in the RISE program." Mot. 1 [Doc. No. 65]. Heckstall argues that he is not a flight risk because of his close family ties to the area, including a 13-year-old daughter. Id. at 3–4. Regarding danger to the community, Heckstall asserts that his alleged participation in the charged conspiracy was limited and that the alleged conspiracy is for a non-violent offense. Id. at 5–6. He requests release on the conditions that he (1) remain on home detention with electronic monitoring, (2) have no contact with any co-defendants or witnesses in the case, (3) obtain mental health treatment, and (4) seek and maintain employment. Id. at 1.

#### A. *The Rebuttable Presumption Applies.*

Heckstall faces a maximum sentence of over ten years if he is convicted under 21 U.S.C. § 846. See id.; id § 841(b). Accordingly, the rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community" applies here. 18 U.S.C. § 3142(e).

#### B. *Risk of Flight*

Heckstall has strong ties to the area, including close family. He was living with his mother and niece in Roxbury at the time of his arrest, and he has four siblings who reside in Massachusetts. Additionally, Heckstall and his former partner have a 13-year-old daughter who they parent together. See Mot. Ex. C [Doc. No. 65-3]. Heckstall had been working as a delivery

5

driver for Door Dash when he was arrested in this case, and he reported that he was confident he could resume this work if released. Because Heckstall has demonstrated strong family ties to the area and a concrete employment opportunity, the government has not established that he presents a risk of flight.

C.   *Danger to the Community*

The government has demonstrated that Heckstall's release would pose a significant threat of danger to the community. His criminal history includes convictions for armed robbery, kidnapping, and assault and battery stemming from the home invasion in 2014. See Mot. Ex. B. [Doc. No. 65-2]. And he was arrested again for assault and battery with a dangerous weapon in February 2024, less than one year after his probation for the previous charges was terminated. Additionally, the government has provided substantial evidence of the conduct alleged here—conspiring to smuggle controlled substances into a state prison—which poses a serious risk of harm to the community. See, e.g., Opp'n Exs. 7, 9 [Doc. Nos. 70-7, 70-9] (laboratory analysis of recovered paper). And the Indictment alleges that the charged conspiracy occurred while Heckstall was on probation. See Indictment [Doc. No. 1]; Mot. Ex. B. [Doc. No. 65-2].

Heckstall notes that the Magistrate Judge's finding that the conspiracy alleged here occurred while he was on supervised release for the most recent assault and battery charge is erroneous, Mot. 6 [Doc. No. 65], but the court finds that error harmless. According to the pretrial services report in this case, Heckstall was arrested in connection with the assault and battery charge on February 20, 2024. The conspiracy charged here is alleged to have occurred between November 2022 and May 2023. Indictment [Doc. No. 1]. The alleged conspiracy thus did not occur while Heckstall was on release from his February 2024 arrest. However, Heckstall's probation for his convictions stemming from the 2014 home invasion was not terminated until

6

May 3, 2023, Mot. Ex. B 15 [65-2], which means that he was on probation during all or nearly all of the alleged period of the conspiracy.

In sum, Heckstall has been convicted of several violent offenses, is alleged to have participated in the instant conspiracy while on probation for some of those offenses, and was arrested for another violent offense shortly after his probation terminated. In light of this, Heckstall's arguments that the instant charge is a non-violent drug offense and that his alleged participation in the conspiracy was limited do not overcome the government's evidence that his release would pose a risk to the community.

### IV.    Conclusion

For the foregoing reasons, Heckstall's Motion [Doc. No. 65] is DENIED.

IT IS SO ORDERED.

February 11, 2025                    /s/Indira Talwani
                                     United States District Judge